OPINION OF THE COURT
Per Curiam.
Order entered November 22, 1993 reversed, with $10 costs, petitioners’ motion to vacate their "default” is granted, and the award of attorney’s fees to tenant in connection with said motion is vacated.
Order entered April 26, 1993 reversed, with $10 costs, tenant’s motion to set aside the report of the Referee is denied and the report is confirmed.
The court in its "decision/order” of April 26, 1993 specifically recited that it considered petitioners’ timely filed opposition papers in granting tenant’s motion to set aside the Referee’s report and the transcript of the oral argument of the motion makes clear that the court’s disposition of the motion was "on the merit [sic] itself’. In these circumstances, the absence of the out-of-State, then pro se petitioners at oral argument of tenant’s motion was a "default”, if at all, in only the most technical sense (see, 22 NYCRR 208.11 [b]). In any event, petitioners’ "de minimis default” (as even the tenant now refers to it) was clearly unintentional and excusable. Favorably exercising our discretion, we grant petitioners relief *772 from their "default” in appearance and strike the award of attorney’s fees subsequently granted in connection with the tenant’s (ultimately unsuccessful) opposition to petitioners’ vacatur motion.
Turning to the merits of tenant’s application to vacate the Referee’s report, it is settled that the report of a Referee should be confirmed if the findings therein are supported by the record (see, Namer v 152-54-56 W. 15th St. Realty Corp., 108 AD2d 705). " 'Generally, New York courts will look with favor upon a Referee’s report, inasmuch as the Referee, as trier of fact, is considered to be in the best position to determine [or, as in this case, to report on] the issues presented’ ” (supra, at 706, quoting Matter of Holy Spirit Assn. v Tax Commn., 81 AD2d 64, 70-71).
There is ample basis in this record for the Referee’s recommendations with respect to the reasonable value of the legal services rendered by tenant’s counsel in the successful defense of the underlying nonpayment summary proceeding— a proceeding which the Referee accurately described as a "simple” one "which did not contain complicated and difficult questions of fact or law” — and in establishing the value of those services at the hearing held before the Referee. It was for the Referee, as trier of the facts, to weigh and evaluate the extensive testimony and documentation offered as to the reasonableness of the legal fee incurred, and the Referee’s conclusion that some of the legal services rendered were "duplicative”, not an unreasonable interpretation of the hearing evidence, should have been adopted by the court. To the extent the court’s decision to award tenant’s counsel substantially greater remuneration than that recommended by the Referee was based upon the court’s expressed view that the tenant’s successful defense of the underlying nonpayment proceeding represented a "public service” which benefited both the subject loft building and the surrounding "neighborhood”, its determination was bottomed upon an improper legal standard. Accordingly, the Referee’s recommendations should have been adopted and the report confirmed.
Ostrau, P. J., Miller and McCooe, JJ., concur.